**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ERIK SCOTT POPEJOY, | : | Civil No. 3:25-cv-1778 |
| | : | |
| Petitioner | : | (Judge Mariani) |
| | : | |
| v. | : | |
| | : | |
| COMMONWEALTH OF PA, *et al.*, | : | |
| | : | |
| Respondents | : | |

**MEMORANDUM**

Petitioner Erik Scott Popejoy ("Popejoy") filed the instant amended petition for writ of

habeas corpus pursuant to 28 U.S.C. § 2254 challenging a judgment and conviction

imposed in the Court of Common Pleas of Wyoming County, Pennsylvania.  (Doc. 5).  For

the reasons discussed below, the Court will deny the petition.

**I.    Background**

On May 19, 2017, Popejoy was charged with two counts of rape, four counts of

aggravated indecent assault, three counts of indecent assault, five counts of corruption of

minors, and one count each of statutory sexual assault, criminal use of a communication

facility, sexual abuse of children, and endangering the welfare of children.  (*See* Doc. 9, at

55-56, *Commonwealth v. Popejoy*, No. 55 MDA 2021, No. 57 MDA 2021, 2022 WL 1657217

(Pa. Super.)).  A four-day jury trial commenced on September 20, 2018.  (Doc. 9, at 56).

Following trial, the jury convicted Popejoy of all charges.  (*Id.*).  On January 23, 2019, the

trial court sentenced Popejoy to an aggregate term of 301 to 602 months' incarceration. (*Id.* at 57). Popejoy did not file a direct appeal. (*Id.*).

On April 29, 2020, Popejoy filed a *pro se* petition for post-conviction collateral relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 PA. CONS. STAT. §§ 9541-46, seeking to reinstate his direct appeal rights. (Doc. 9, at 57). On December 4, 2020, the PCRA court reinstated Popejoy's direct appeal rights *nunc pro tunc*. (*Id.*). Popejoy then filed a timely notice of appeal. On appeal, Popejoy raised the following issue:

> Did the trial court err in allowing the admission of prior wrongs and/or bad acts involving sexual misconduct and conviction arising in [the] State of Florida where the underlying acts were neither similar to the current charges nor did the probity of the evidence outweigh the potential prejudice caused to Appellant?

(*Id.*). Upon review, the Pennsylvania Superior affirmed the judgment of sentence on May 25, 2022. (Doc. 9, at 54-70, *Commonwealth v. Popejoy*, No. 55 MDA 2021, No. 57 MDA 2021, 2022 WL 1657217 (Pa. Super.)). Popejoy sought review with the Pennsylvania Supreme Court, and on November 15, 2022, the Pennsylvania Supreme Court denied his petition for allowance of appeal. (Doc. 9, at 72, *Commonwealth v. Popejoy*, No. 272 MAL 2022, No. 273 MAL 2022, 288 A.3d 74 (Table) (Pa.)). Popejoy did not file a petition for writ of certiorari with the United States Supreme Court. Therefore, his judgment of sentence became final on February 13, 2023, the last day upon which he could have sought review in the United States Supreme Court. *See* 42 Pa.C.S.A. § 9545(b)(3) (providing that "a judgment becomes final at the conclusion of direct review, including discretionary review in

the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review"); U.S.Sup.Ct.R. 13 (providing that a defendant has 90 days to file a petition for a writ of certiorari seeking United States Supreme Court review).

On November 13, 2023, Popejoy filed a timely *pro se* PCRA petition. (*See* Doc. 9, at 14, *Commonwealth v. Popejoy*, No. 1660 MDA 2024, 2025 WL 1938654 (Pa. Super.)). The PCRA court appointed counsel to represent Popejoy, and counsel filed an amended PCRA petition setting forth four grounds of ineffective assistance of trial counsel. (Doc. 9, at 14-15). On November 1, 2024, following a hearing, the PCRA court denied relief. (*Id.* at 15-16, 50). Popejoy timely filed a notice of appeal raising one issue for review: "Whether the [PCRA c]ourt erred in determining that [Trial C]ounsel was not ineffective in interfering with [Popejoy's] right to testify and causing an unknowing, unintelligent and involuntary waiver of [Popejoy's] right to testify?" (*Id.* at 16). On July 15, 2025, the Superior Court affirmed the PCRA court's order denying the petition. (Doc. 9, at 13-21; *Commonwealth v. Popejoy*, 1660 MDA 2024, 2025 WL 1938654 (Pa. Super. 2025)). Popejoy did not file a petition for allowance of appeal with the Pennsylvania Supreme Court.

On or about August 8, 2025, Popejoy initiated the instant federal habeas action.[1] (Doc. 1). Upon review, the Court directed Popejoy to file an amended habeas petition. (Doc. 4). Popejoy filed his amended habeas petition on or about November 25, 2025.

---

[1] Under the prisoner mailbox rule, the Court deems the petition filed on August 8, 2025, the date Popejoy signed it. *See Houston v. Lack*, 487 U.S. 266 (1988) (holding that that date on which a prisoner delivers documents to prison authorities for mailing is considered the filing date); *Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998).

alleging that he has been denied his rights under Article 1 § 9 of the Pennsylvania Constitution and the Sixth and Fourteenth Amendments of the United States Constitution. (Docs. 5, 5-1). Respondents filed a response arguing that Popejoy failed to exhaust his claims in state court[2] and that the petition is untimely. (Doc. 9, at 9-10; Doc. 9-1). The Court finds that the habeas petition is timely as a consequence of statutory tolling, but that Popejoy's claim under Article 1 § 9 of the Pennsylvania Constitution is not cognizable, and that his claims under the Sixth and Fourteenth Amendments of the United States Constitution were not exhausted in state court.

## II.    **Legal Standards**

The statutory authority of federal courts to issue habeas corpus relief for persons in state custody is provided by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). A habeas corpus petition pursuant to § 2254 is the proper mechanism for a prisoner to challenge the "fact or duration" of his confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 498-99, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S.Ct.

---

[2]    Respondents argue that Popejoy failed to exhaust his claims under state law because he failed to file an appeal with the Pennsylvania Supreme Court. (Doc. 9-1, at 5). However, under Pennsylvania Supreme Court Order 218, a state prisoner does not have to seek discretionary review in the Pennsylvania Supreme Court for the purposes of federal habeas exhaustion. As set forth below, the Court independently finds that Popejoy's claims under the Sixth and Fourteenth Amendments of the United States Constitution were not exhausted in state court on other grounds, namely, that he failed to present the claims in state court.

475, 116 L.Ed.2d 385 (1991).  Rather, federal habeas review is restricted to claims based "on the ground that [petitioner] is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); *Estelle*, 502 U.S. at 68.

## A.    Exhaustion and Procedural Default

A habeas petitioner must exhaust state court remedies before obtaining habeas relief.  28 U.S.C. § 2254(b)(1)(A).  The traditional way to exhaust state court remedies in Pennsylvania was to fairly present a claim to the trial court, the Pennsylvania Superior Court, and the Pennsylvania Supreme Court.  *See Evans v. Court of Common Pleas, Delaware County*, 959 F.2d 1227, 1230 (3d Cir. 1992).  However, in light of Pennsylvania Supreme Court Order No. 218, issued May 9, 2000, ("Order No. 218"), it is no longer necessary for Pennsylvania inmates to seek allocatur from the Pennsylvania Supreme Court in order to exhaust state remedies under 28 U.S.C. § 2254(c).  *See Lambert v. Blackwell*, 387 F.3d 210, 233-34 (3d Cir. 2004) ("We now hold that Order No. 218 renders review from the Pennsylvania Supreme Court 'unavailable' for purposes of exhausting state court remedies under § 2254(c).").[3]  The habeas petitioner has the burden of proving exhaustion.  *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997).

---

[3]    In May 2000, the Pennsylvania Supreme Court issued an order, Order No. 218, rendering review from the Pennsylvania Supreme Court "unavailable" for purposes of exhausting state court remedies for federal habeas petitions under 28 U.S.C. § 2254(c).  *Lambert v. Blackwell*, 387 F.3d 210, 233 (3d Cir. 2004) (interpreting *In re: Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases*, No. 218 Judicial Administration Docket No. 1 (Pa. May 9, 2000) ("Order No. 218")).  This means that, for purposes of federal habeas review under § 2254, a person in Pennsylvania custody "need not seek review from the Pennsylvania Supreme Court" in order to have exhausted state remedies and seek federal habeas review.  *Id.*

5

A petitioner's failure to exhaust his state remedies may be excused in limited circumstances on the ground that exhaustion would be futile. *Lambert*, 134 F.3d at 518-19. Where such futility arises from a procedural bar to relief in state court, the claim is subject to the rule of procedural default. *See Werts v. Vaughn*, 228 F.3d 178, 192 (3d Cir. 2000). In addition, if the state court does not address the merits of a claim because the petitioner failed to comply with the state's procedural rules in presenting the claim, it is also procedurally defaulted. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

If a claim is found defaulted, the federal court may address it only if the petitioner establishes cause for the default and prejudice resulting therefrom, or that a failure to consider the claim will result in a fundamental miscarriage of justice. *Werts*, 228 F.3d at 192. To meet the "cause" requirement to excuse a procedural default, a petitioner must "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Id.* at 192-93 (quoting and citing *Murray v. Carrier*, 477 U.S. 478, 488-89 (1986)). Additionally, a petitioner can rely on post-conviction counsel's ineffectiveness to establish cause to overcome the default of a substantial claim of ineffective assistance of trial counsel. *Martinez v. Ryan*, 566 U.S. 1, 14 (2012). To establish prejudice, a petitioner must prove "'not merely that the errors at . . . trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Bey v. Sup't Greene SCI*, 856 F.3d 230, 242 (3d Cir. 2017).

6

For a petitioner to satisfy the fundamental miscarriage of justice exception to the rule of procedural default, the Supreme Court requires that the petitioner show that a "constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298, 327 (1995) (quoting *Murray*, 477 U.S. at 496). This requires that the petitioner supplement his claim with "a colorable showing of factual innocence." *McCleskey v. Zant*, 499 U.S. 467, 495 (1991) (citing *Kuhlmann v. Wilson*, 477 U.S. 436, 454 (1986)). In other words, a petitioner must present new, reliable evidence of factual innocence. *Schlup*, 513 U.S. at 324.

B.    Merits Standard

Once a court has determined that the exhaustion requirement is met and, therefore, that review on the merits of the issues presented in a habeas petition is warranted, the scope of that review is set forth in 28 U.S.C. § 2254(d). Section 2254(d) provides, in pertinent part, that an application for a writ of habeas corpus premised on a claim previously adjudicated on the merits in state court shall not be granted unless:

> (1) [the decision] was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) [the decision] was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). To establish that the decision was contrary to federal law "it is not sufficient for the petitioner to show merely that his interpretation of Supreme Court precedent is more plausible than the state court's; rather, the petitioner must demonstrate

7

that Supreme Court precedent requires the contrary outcome." *Matteo v. Superintendent*, 171 F.3d 877, 888 (3d Cir. 1999). Similarly, a federal court will only find a state court decision to be an unreasonable application of federal law if the decision, "evaluated objectively and on the merits, resulted in an outcome that cannot reasonably be justified under existing Supreme Court precedent." *Id.*

Further, under 28 U.S.C. § 2254(e)(1), a federal court is required to presume that a state court's findings of fact are correct. A petitioner may only rebut this presumption with clear and convincing evidence of the state court's error. *Miller-El v. Cockrell*, 537 U.S. 322, 341 (2003) (stating that the clear and convincing standard in § 2254(e)(1) applies to factual issues, whereas the unreasonable application standard of § 2254(d)(2) applies to factual decisions); *Matteo*, 171 F.3d at 888; *Thomas v. Varner*, 428 F.3d 492, 497-98 (3d Cir. 2005). This presumption of correctness applies to both explicit and implicit findings of fact. *Campbell v. Vaughn*, 209 F.3d 280, 286 (3d Cir. 2000). Consequently, a habeas petitioner "must clear a high hurdle before a federal court will set aside any of the state court's factual findings." *Mastracchio v. Vose*, 274 F.3d 590, 597-98 (1st Cir. 2001).

Like the "unreasonable application" prong of paragraph (1), a factual determination should be adjudged "unreasonable" under paragraph (2) only if the court finds that a rational jurist could not reach the same finding on the basis of the evidence in the record. 28 U.S.C. § 2254(d)(2); *Porter v. Horn*, 276 F. Supp. 2d 278, 296 (E.D. Pa. 2003); *see also Torres v. Prunty*, 223 F.3d 1103, 1107-08 (9th Cir. 2000); *cf. Jackson v. Virginia*, 443 U.S. 307, 316

(1979). "This provision essentially requires the district court to step into the shoes of an appellate tribunal, examining the record below to ascertain whether sufficient evidence existed to support the findings of fact material to the conviction." *Breighner v. Chesney*, 301 F. Supp. 2d 354, 364 (M.D. Pa. 2004) (citing 28 U.S.C. § 2254(d)(2) and (f)[4]).  Mere disagreement with an inferential leap or credibility judgment of the state court is insufficient to permit relief.  *Porter*, 276 F. Supp. 2d at 296; *see also Williams v. Taylor*, 529 U.S. 362, 408-09 (2000); *Hurtado v. Tucker*, 245 F.3d 7, 16 (1st Cir. 2001).  Only when the finding lacks evidentiary support in the state court record or is plainly controverted by evidence therein should the federal habeas court overturn a state court's factual determination. *Porter*, 276 F. Supp. 2d at 296; *see also Williams*, 529 U.S. at 408-09.

## III.    Discussion

### A.    Timeliness

The court shall "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  A petition filed under § 2254 must be timely filed under the stringent standards set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996).  *See* 28 U.S.C. § 2244(d)(1).  Specifically, a state

---

[4]    "If the applicant challenges the sufficiency of the evidence adduced in such State court proceeding to support the State court's determination of a factual issue made therein, the applicant, if able, shall produce that part of the record pertinent to a determination of the sufficiency of the evidence to support such determination." 28 U.S.C. § 2254(f).

prisoner requesting habeas corpus relief pursuant to § 2254 must adhere to a statute of

limitations that provides as follows:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28. U.S.C. § 2244(d); *see Jones v. Morton*, 195 F.3d 153, 157 (3d Cir. 1999). Under the

plain terms of § 2244(d)(1)(A), a state court criminal judgment does not become final until

appeals have been exhausted or the time for appeal has expired. *See Nara v. Frank*, 264

F.3d 310, 314 (3d Cir. 2001).

Popejoy was sentenced on January 23, 2019. Initially, he did not file a direct appeal.

10

However, following the reinstatement of his direct appeal rights *nunc pro tunc*, Popejoy filed a notice of appeal, and, on May 25, 2022, the Pennsylvania Superior Court affirmed the judgment of sentence. Popejoy's judgment of sentence became final on February 13, 2023, 90 days after the Pennsylvania Supreme Court denied his petition for allowance of appeal. *See* 42 Pa.C.S.A. § 9545(b)(3); U.S.Sup.Ct.R. 13. The one-year period for the statute of limitations commenced running as of that date. Thus, the AEDPA statute of limitations under § 2254(d)(1)(A) expired on February 13, 2024. However, Popejoy did not file the instant habeas petition until August 8, 2025, approximately 18 months after the expiration of the statute of limitations. Therefore, the habeas petition must be dismissed as untimely unless the statute of limitations was subject to statutory or equitable tolling.

### 1.    Statutory Tolling

Pursuant to 28 U.S.C. § 2244, the running of the limitation period is suspended for the period of time when properly filed state post-conviction proceedings are pending in any state court. *See* 28 U.S.C. § 2244(d)(2). Here, the statute of limitations began running on February 13, 2023 and, absent any tolling, would expire on or about February 13, 2024. However, pursuant to 28 U.S.C. § 2244(d)(2), when Popejoy filed his PCRA petition on November 13, 2023, the AEDPA's filing period was statutorily tolled. As of November 13, 2023, 273 days of the one-year filing period had elapsed. Thus, there were 92 days of the one-year filing period remaining.

11

The statute remained tolled until the conclusion of the PCRA proceedings—August 14, 2025, 30 days after the Pennsylvania Superior Court affirmed the denial of the PCRA petition. When Popejoy commenced the instant habeas action on August 8, 2025, the statute had not yet expired. Therefore, the Court finds that Popejoy's habeas petition is timely.

B.    Non-Cognizable Claim and Defaulted Claims

Popejoy claims that he was denied his rights under Article 1 § 9 of the Constitution of the Commonwealth of Pennsylvania, and the Sixth and Fourteenth Amendments of the Constitution of the United States of America. (Doc. 5, at 5).

First, to the extent that Popejoy argues that his rights under Article 1 § 9 of the Pennsylvania Constitution were violated, that claim is not cognizable under AEDPA. *See* 28 U.S.C. § 2254(a).

Second, Popejoy's claims that his rights under the Sixth and Fourteenth Amendments of the United States Constitution were violated have not been pursued in the state courts. As set forth above, Popejoy raised the following claim on direct appeal:

> Did the trial court err in allowing the admission of prior wrongs and/or bad acts involving sexual misconduct and conviction arising in [the] State of Florida where the underlying acts were neither similar to the current charges nor did the probity of the evidence outweigh the potential prejudice caused to Appellant?

(Doc. 9, at 57). And, in his PCRA petition, Popejoy alleged that trial counsel was ineffective by failing to: (1) adequately discuss the right to testify with Popejoy; (2) represent to the trial

12

court that Popejoy knowingly, intelligently, and voluntarily waived his right to testify; (3) request that the trial court colloquy Popejoy regarding his waiver of his right to testify; and (4) object to the court's failure to colloquy Popejoy. (*Id.* at 15). On PCRA appeal, Popejoy raised one issue for review: "Whether the [PCRA c]ourt erred in determining that [Trial C]ounsel was not ineffective in interfering with [Popejoy's] right to testify and causing an unknowing, unintelligent and involuntary waiver of [Popejoy's] right to testify?" (*Id.* at 16).

Popejoy never raised a claim in state court that his Fourteenth Amendment rights were violated. And his present claims under the Sixth Amendment—that trial counsel never presented an alibi witness at trial, never objected to a conflict of interest, and never asked the prosecution for DNA evidence—were also never presented in state court. (Doc. 5-1, at 2). The time for filing both a direct appeal and a PCRA petition has expired, and the state procedural rules prohibit Popejoy from bringing these claims in state court. *See* PA. R. APP. P. 903(a) (time for filing a direct appeal); 42 PA. CONS. STAT. ANN. § 9544(b) ("For purposes of this subchapter, an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding"); 42 PA. CONS. STAT. ANN. § 9545(b) ("Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final"). Popejoy is therefore in procedural default for failing to comply with the state filing requirements.

Popejoy can overcome procedural default with a showing of "cause and prejudice" or by showing a "fundamental miscarriage of justice." *Werts*, 228 F.3d at 192 (quoting *Lines v. Larkins*, 208 F.3d 153, 160 (3d Cir.2000) (quoting *McCandless v. Vaughn*, 172 F.3d 255, 260 (3d Cir.1999)); *see also Coleman*, 501 U.S. at 750 (applying "cause and prejudice" standard to district court review of habeas petitions). To show "cause," a petitioner must establish that "some objective factor external to the defense impeded counsel's [or petitioner's] efforts to comply with the State's procedural rule." *Murray*, 477 U.S. at 488. "Prejudice" requires that the "habeas petitioner...show 'not merely that the errors at...trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Id.* at 494 (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)) (emphasis in original). Popejoy failed to present any argument to excuse his default of these claims. (*See* Docs. 5, 5-1). Accordingly, the Court finds that Popejoy's procedural default should not be excused, and the claims are barred from federal review.

## IV.    Certificate of Appealability

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's

14

resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327. As the Supreme Court has explained,

> [w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Popejoy failed to demonstrate that a certificate of appealability should issue.

## V.   Conclusion

The Court will deny Popejoy's amended petition (Doc. 5) for writ of habeas corpus pursuant to 28 U.S.C. § 2254, and a certificate of appealability will not issue. A separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: June ___29___, 2026